UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
MICHAEL C. RODGERS and CALENTHIA )
Q. RODGERS, husband and wife,           )          No. C03-0092L
                                        )
                Plaintiffs,             )
         v.                             )          ORDER GRANTING IN PART
                                        )          DEFENDANT'S MOTION TO
THE UNION PACIFIC RAILROAD              )          STRIKE SUPPLEMENTAL EXPERT
COMPANY,                                )          DISCLOSURES
                                        )
                Defendant.              )
_____)

This matter comes before the Court on "Defendant's Motion to Strike Plaintiff's [sic] Supplemental Trial Expert Disclosures." Dkt. # 40. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

(1) The January 3, 2006, supplemental reports of plaintiff's previously-disclosed experts, Kathryn Reid and Robert Patton, were timely. See Fed. R. Civ. P. 26(e)(1) (supplemental reports due by the time the party makes its pretrial disclosures under Rule 26(a)(3)); Local Civil Rule 26(a)(3) (pretrial disclosures due in accordance with the schedule prescribed in CR 16); Local Civil Rule 16(h) and (l) (plaintiff's pretrial disclosures due thirty days before the lodging date established in the case management order). Pursuant to the Amended Order Setting Trial & Related Dates (Dkt. # 35), the pretrial order is not due until March 22, 2006: plaintiff's supplemental disclosures were therefore not due until February 20, 2006.

ORDER GRANTING IN PART DEFENDANT'S
MOTION TO STRIKE EXPERT DISCLOSURES

It is not unusual for experts to supplement their economic loss and mitigation opinions after taking into account evidence obtained during discovery and the passage of time. Defendant has not shown that plaintiffs acted improperly in providing their supplemental reports on January 3, 2006, or that they will be unfairly prejudiced by disclosures made in keeping with the Court's scheduling order and the rules of civil procedure.[1]

(2) Plaintiff's January 3, 2006, disclosure of William P. Anthony as a potential trial expert is untimely. Pursuant to the Court's case management schedules, the date by which expert disclosures were to be made was January 14, 2004, almost two years before plaintiffs identified Dr. Anthony for the first time. The Court never continued that date and neither party moved to reopen expert discovery. Nor have plaintiffs shown that their failure to make timely disclosures as required by Fed. R. Civ. P. 26(a)(2) was substantially justified or harmless. The topics on which Dr. Anthony is being offered as an expert, including the requirements imposed on employers with regards to race discrimination, harassment, and the Family Medical Leave Act, have been at issue since the very beginning of this case. The documents which plaintiffs assert were lately produced did not give rise to a new claim or theory that necessitated the retention of a new expert: to the extent expert testimony is needed to explain the statutory obligations of an employer, such need should have been recognized long before January 3, 2006. Plaintiffs' disclosure of Dr. Anthony was also insufficient in that only the topics about which he would testify were disclosed. Defendants were not informed of Dr. Anthony's opinions or the basis therefore. His disclosure as a potential witness one month after discovery closed and on the same day that motions for summary judgment were due prevented defendant from conducting any investigation into the nature of or basis for his opinions. If this late disclosure

---

[1] If defendant believes that the supplementation of the expert reports of Reid and Patton requires additional depositions, it may seek the agreement of plaintiffs or file a motion for relief from the discovery deadline pursuant to the schedule set forth in Local Civil Rule 7(d)(2).

ORDER GRANTING IN PART DEFENDANT'S
MOTION TO STRIKE EXPERT DISCLOSURES   -2-

1 were permitted, it would undoubtedly disrupt the case management schedule established by the
2 Court without good cause.

3

4       For all of the foregoing reasons, defendant's motion to strike the January 3, 2006,
5 supplemental expert disclosures is GRANTED in part and DENIED in part.  Dr. Anthony was
6 not timely or sufficiently disclosed and will not be permitted to testify in this matter.  The
7 supplemental reports of Kathryn Reid and Robert Patton, however, were timely.

8

9       DATED this 10th day of February, 2006.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANT'S
MOTION TO STRIKE EXPERT DISCLOSURES      -3-